BOSWELL NAT. BANK v. SIMMONS.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1911.)

No. 3,514.

APPEAL AND ERROR (§ 1022*)—REVIEW ON APPEAL—FINDINGS OF FACT.

Where the court, in a suit by a trustee in bankruptcy to recover an alleged preference, has considered conflicting evidence, and made findings of fact which render the preference voidable and entitle the complainant to recover, such findings must be taken as presumptively correct by the appellate court, and this presumption is materially strengthened by the master's prior findings to the same effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. § 1022.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma.

Suit in equity by O. A. Simmons, trustee in bankruptcy of the Boswell Mercantile Company, against the Boswell National Bank. Decree for complainant, and defendant appeals. Affirmed.

William T. Hutchings and William P. Z. German, for appellant.

A. C. Markley (C. B. Stuart and J. H. Gordon, on the brief), for appellee.

Before ADAMS' and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. This suit was instituted by the trustee in bankruptcy of the Boswell Mercantile Company to recover an alleged voidable preference, and also to declare a trust in certain real estate standing in the name of the president of the bank in favor of the trustee in bankruptcy. The bankrupt company paid to the bank, less than four months prior to the filing of the petition in bankruptcy, the sum of $4,471.67 in satisfaction of a then existing debt due the bank. If the mercantile company was then insolvent, and if the bank then had reasonable cause to believe its debtor intended to give it a preference, and if the payment under such circumstances had the effect to enable the bank to obtain a greater percentage of its debt than any other creditor of the same class, the payment constituted a voidable preference, and the trustee was entitled to recover it from the bank.

Upon issue joined the case was referred to a special master, to take the evidence and report it, with his findings of fact, to the court for its consideration and judgment. The master found the facts which we have just specified, entitling the trustee to recover, and the court below, on exceptions duly taken after a full hearing, approved the findings of the master and entered a decree in favor of the trustee for both the money and the real estate. When the trial court has considered conflicting evidence and made its findings of fact thereon, they must be taken to be presumptively correct (Hussey v. Richardson-Roberts Dry Goods Co., 78 C. C. A. 370, 148 Fed. 598; Coder v. Arts, 152 Fed. 943, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372; Id., 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772); and this presumption is materially strengthened by the master's prior findings to the same effect. Concluding, after a careful consideration of the proof in this case, that there was substantial evidence to sustain the findings below, and discovering no obvious error of law or serious mistake of fact in such findings, the presumption of their correctness must be indulged.

The decree is affirmed.